UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------X
Shira Golomb,

                    Plaintiff,        Civil Action No.:_____

     v.

**13 CV 1261**

GC Services, LP

**COMPLAINT AND DEMAND
FOR TRIAL BY JURY**

                    Defendant.
----------------------------------------------X

       Plaintiff Shira Golomb ("Plaintiff" or "Golomb"), by and through her attorneys, FREDRICK SCHULMAN & ASSOCIATES, as and for her Complaint against the Defendant GC Services, LP ("Defendant" or "GC"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Plaintiff brings this action seeking damages and declaratory relief arising from the Defendant's violation(s) of 15 U.S.C. Sec. §1692 *et seq*, commonly referred to as the Fair Debt Collection Practices Act (hereinafter referred to as, "FDCPA").

## PARTIES

2.     Plaintiff is a natural person and a resident of the State of New York, County of Rockland, residing at 4 Sunset Terrace, Suffern, New York 10901.

3.     At all relevant times herein, Plaintiff is a "consumer" as that term is defined in 15 U.S.C. §1692a(3) of the FDCPA.

1

4. Upon information and belief, Defendant is a limited partnership incorporated under the laws of the State of Texas and maintaining its principal place of business at 6330 Gulfton, Houston, TX 77081. Upon further information and belief, Defendant is authorized to do business in the State of New York.

5. Upon information and belief, GC is a "debt collector" as the phrase is defined and used in 15 U.S.C. §1692a(6) of the FDCPA.

6. Upon information and belief, Defendant was attempting to collect an alleged debt (hereinafter referred to as " Alleged Debt") from Plaintiff that arose out of a transaction in which money, services, or property, which was the subject of the transaction was primarily used for family, personal, and/or household purposes. As such, the Alleged Debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5) of the FDCPA.

7. Upon further information and belief, and at all relevant times herein, Defendant knew or had reason to know that it was obligated to comply with the provisions of the FDCPA when attempting to collect a debt allegedly owed by Plaintiff.

## JURISDICTION AND VENUE

8. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1331, as well as 15 U.S.C. Sec. 1692 et. seq. and 28 U.S.C. Sec. 2201. If applicable, the Court also has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. Sec. 1367(a).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. Sec. 1391(b)(2).

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11. Upon information and belief, on a date better known to the Defendant, the Defendant began collection activities on an alleged consumer debt from the Plaintiff, on behalf of the United States Department of Education (the "Obligation").

12. In or around May, 2012 Plaintiff spoke with the Defendant and informed Defendant that she no longer resided with her parents at 27 Roble Road, Suffern NY 10901. In addition, Plaintiff specifically asked that no written communication from the Defendant related to the Obligation should be sent to that address.

13. Despite this request, on or around June 24, 2012, Defendant sent a collection letter to the Plaintiff's parents house at 27 Roble Road, Suffern New York, 10901 "Exhibit A".

14. Said letter contained private information concerning the Alleged Debt.

15. In or about July 2012, the Defendant left a message on Plaintiff's answering machine and on that communication, the Defendant (1) failed to identify itself; (2) failed to state that it was a debt collector, attempting to collect a debt; and (3) that any information obtained would be used for that purpose ("Exhibit B").

16. In or around October 2012, Defendant called the Plaintiff's uncle, Andrew Golomb.

17. In that communication, Defendant's representative told non-party Andrew Golomb that Plaintiff owes a debt.

18. Also in that communication, Defendant demanded that non-party Andrew Golomb, Plaintiff's uncle, pay the Obligation or, in the alternative, that he call the Plaintiff and tell her to pay the debt.

19. Thereafter, the Plaintiff called the Defendant and asked that they stop calling her uncle, Andrew Golomb, regarding her debt.

20. In that communication with the Plaintiff, Defendant's representative stated that they would not stop calling the Plaintiff's uncle, Andrew Golomb, unless the Plaintiff pays the debt.

21. The Defendant continued calling the Plaintiff's uncle, Andrew Golomb, seeking payment of the debt.

22. As a result of the Defendant's deceptive, misleading and/or unfair debt collection practices, the Plaintiff has been damaged and continues to suffer such damages, including but not limited to humiliation, anger, anxiety, fear, emotional distress, frustration, embarrassment, sleeplessness, worry and a sense of loss of privacy.

### FIRST CAUSE OF ACTION
### (Violation of 15 U.S.C. §1692b(2))

23. Plaintiff repeats, reiterates, and incorporates by reference the allegations contained in paragraphs numbered "1" through "22" above with the same force and effect, as if the same were set forth at length herein.

24. Defendant's conduct as described in this complaint violated the Fair Debt Collection Practices Act 15 U.S.C. §1692b(2) by failing to limit the subject of its conversation with Plaintiff's uncle to Plaintiff's location information, and by demanding that non-party Andrew Golomb pay the Alleged Debt.

25. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged, and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provision of the FDCPA.

## SECOND CAUSE OF ACTION
## (Violation of 15 U.S.C. §1692b(3))

26. Plaintiff repeats, reiterates, and incorporates by reference the allegations contained in paragraphs numbered "1" through "25" above with the same force and effect, as if the same were set forth at length herein.

27. Defendant's conduct as described in this complaint violated the Fair Debt Collection Practices Act 15 U.S.C. §1692b(3) by communicating with a third party more than once, when not requested to do so, and when requested explicitly not to communicate with the third party.

28. As a result of Defendant's violation of the FDCPA, Plaintiff has been damaged, and is entitled to statutory damages and all costs and reasonable attorney's fees pursuant to the relevant provision of the FDCPA.

## THIRD CAUSE OF ACTION
## (Violation of 15 U.S.C. § 1692d(6))

29. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "28" herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's conduct violated 15 U.S.C. §1692d(6) in that Defendant used only its employee's first name in a telephone message to Plaintiff, and failed to disclose her identity during said call.

31. As a result of Defendant's violation of the FDCPA, the Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## FOURTH CAUSE OF ACTION
### (Violation of 15 U.S.C. § 1692e(11))

32. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "31" herein with the same force and effect as if the same were set forth at length herein.

33. Defendant's conduct violated 15 U.S C. §1692e(11) in that Defendant failed to provide Plaintiff with the mandated mini Miranda warning to disclose that it is a debt collector, attempting to collect a debt, and any information obtained would be used for that purpose.

34. As a result of the Defendant's violation of the FDCPA, Plaintiff has been damaged and is entitled to statutory damages, actual damages and all costs and reasonable attorney's fees pursuant to the relevant provisions of the FDCPA.

## DEMAND FOR TRIAL BY JURY

35. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which the Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Shira Golomb demands judgment from the Defendant GC Services, LP, as follows:

A. For actual damages provided and pursuant to 15 U.S.C. Sec. 1692k(a)(1);

B. For statutory damages provided and pursuant to 15 U.S.C. Sec.1692k(2)(A):

C. For attorneys' fees and costs provided and pursuant to 15 U.S.C. Sec. 1692k(a)(3);

D. For a declaration that the Defendants' practices violated the FDCPA;

E. For an Order enjoining Defendant from engaging in the practices found to be in violation of the Fair Debt Collections Practices Act; and,

F.  For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated: New York, New York
       February 20, 2013

Respectfully submitted,

By: /s/ Fredrick Schulman
    Fredrick Schulman
    FREDRICK SCHULMAN & ASSOCIATES
    30 East 29TH Street
    New York, New York 10016
    (212) 796-6053
    info@fschulmanlaw.com
    Attorneys for Plaintiff



CDGCSV40
PO Box 1022
Wixom MI 48393-1022
ADDRESS SERVICE REQUESTED



GC Services Limited Partnership
6330 Gulfton, Houston, TX 77081

**SEND PAYMENT TO:**

U.S. DEPARTMENT OF EDUCATION
NATIONAL PAYMENT CENTER
P.O. BOX 105028
ATLANTA GA 30348-5028

June 24, 2012

0722212150013983  0106-33-30W        815617351

Shira Golomb
27 Roble Rd
Suffern NY 10901-2422

Client Name: U.S. Department of Education
Balance Due*:                    File #:
Account Number:

4 320507808834 0000004950 0000054C        4 320507808834 0006232012 08109053

*Do not send cash. Make your check payable to: U.S. Department of Education.*
*Show your Social Security Number on your check. Return upper portion with your payment.*

Dear Shira Golomb:

We have attempted to contact you by telephone and by mail to resolve your seriously defaulted debt with the U.S. Department of Education. Please understand that if we do not hear from you we may pursue other means of collection including administrative wage garnishment.

We encourage you to take this opportunity to resolve your defaulted student loan account(s) without causing you unnecessary financial hardship by considering the various programs available. To take advantage of these opportunities, please call 877-244-7901 and speak with one of our Borrower Assistance Representatives before 07/08/2012.

Please mail correspondence to the following address:
GC Services
PO Box 27346
Knoxville, TN 37927
Or call: 877-244-7901

B. Gentry
Collection Manager

*Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you.

0722212150013983 - 30W/0106-L007

**NOTICE:** SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION



EXHIBIT A



## NOTE CHANGES ONLY

FIRST NAME [ ] MI [ ]
LAST NAME [ ]
ADDRESS [ ]
CITY [ ] HOME PHONE [ ]-[ ]-[ ]
STATE [ ] ZIP [ ]-[ ] WORK PHONE [ ]-[ ]-[ ]

California Residents: The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-Help or www.ftc.gov.

### GC SERVICES LIMITED PARTNERSHIP

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
CONSUMER INFORMATION:
UNLESS YOU, WITHIN THIRTY (30) DAYS AFTER YOUR RECEIPT OF GC SERVICES' INITIAL WRITTEN NOTICE TO YOU CONCERNING THIS DEBT, DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF, THE DEBT WILL BE ASSUMED TO BE VALID BY GC SERVICES. IF YOU NOTIFY GC SERVICES IN WRITING WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD THAT THE DEBT, OR ANY PORTION THEREOF, IS DISPUTED, GC SERVICES WILL OBTAIN VERIFICATION OF THE DEBT OR A COPY OF A JUDGMENT AGAINST YOU AND A COPY OF SUCH VERIFICATION OR JUDGMENT WILL BE MAILED TO YOU BY GC SERVICES. UPON YOUR WRITTEN REQUEST WITHIN THE ABOVE DESCRIBED THIRTY (30) DAY PERIOD, GC SERVICES WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

THE DEMANDS FOR PAYMENT IN THIS LETTER DO NOT REDUCE YOUR RIGHTS TO DISPUTE THIS DEBT, OR ANY PORTION THEREOF, AND/OR TO REQUEST VERIFICATION WITHIN THE THIRTY (30) DAY PERIOD AS SET FORTH ABOVE.

**Colorado Residents:** For information about the Colorado Fair Debt Collection Practices Act, see WWW.COLORADOATTORNEYGENERAL.GOV/CA. GC Services, 6330 Gulfton, Houston, TX 77081. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. GC Services Colorado office: 621 Seventeenth Street, Suite 2400, Denver, CO 80293, Toll Free 877-798-1116.
**Idaho Residents:** Veronica Sanchez (800) 275-8966
**Massachusetts Residents:** 5230 Washington Street, West Roxbury, MA 02132, Monday-Thursday 10am-3pm. If you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt and provide to you, or any attorney representing you, additional information described in 940 CMR 7.08(2).
**Maine Residents:** 5230 Washington Street, West Roxbury, MA 02132. You may call us collect or at the toll free phone number shown on this or the reverse side of this letter, 8:00 a.m. to 9:00 p.m. CST.
**Minnesota Residents:** This collection agency is licensed by the Minnesota Department of Commerce.
**North Carolina Department of Insurance Permit Numbers:**
Atlanta – 101306; Houston DMD – 839; Huntington – 101307
**NYC Department of Consumer Affairs License Numbers:** Tucson - 1251383, Houston Central Legal & HNW – 0907264, Chicago – 0982208, Columbus NSC – 0982207, Houston DMD – 0808863, Huntington – 1019169, Jacksonville – 0907265, Knoxville – 0982209, Oklahoma – 0982212, Phoenix – 0982213, San Antonio – 0982214, San Diego – 0982215, Baldwin Park – 0982219, St. Louis NSC – 0907261, Copperas Cove – 0907256
**Tennessee Residents:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.
**Texas Residents:** 6330 Gulfton, Houston, TX 77081
**Washington local office:** 926 North 14th Street, Mt. Vernon, WA 98273.

Exhibit B - transcript

Hi Shira if you could give me a call back at 1-877-359-5523 extension 980832. Thank you.

Page 1

